UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL HERNANDEZ-RAMIRES,<br><br>            Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | CASE NO. 10-CV-383 W<br>              08-CR-3874 W<br><br>**ORDER DENYING PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2255**<br>**(Doc. No. 16.)** |

On November 25, 2008, Petitioner Isabel Hernandez-Ramires ("Petitioner") entered into a plea agreement with Respondent United States of America ("Respondent" or "Government") regarding Petitioner's arrest and charges for illegal entry. (Doc. No. 10.[1])  In accordance with the plea, the Court sentenced Petitioner to the jointly recommended forty eight-months imprisonment followed by one year supervised release. (Doc. No. 15.)

Pending before the Court is Petitioner's motion to reduce his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 16.)  The Court takes the matter under submission and without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1).  For the following reasons, the Court **DENIES** Petitioner's motion.

---

[1] All docket references refer to Case No. 08-CR-3874 W.

## I. BACKGROUND

On November 25, 2008, Petitioner entered into a Plea Agreement with the Government regarding his arrest and charges for illegal entry into the United States. (Doc. No. 10 [hereinafter "*Plea Agreement*"].) In exchange for certain Government concessions, Petitioner agreed to waive any appeal or collateral attack of his conviction and sentence. (*Plea Agreement* 4.) Specifically, the Plea Agreement provided:

> In exchange for the Government's concessions in this plea agreement, [Petitioner] waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable... If [Petitioner] believes that the Government's recommendation is not in accord with this agreement, [Petitioner] will object at the time of sentencing; otherwise the objection will be deemed waived.

(*Id.*)

On December 15, 2008, in accordance with the joint recommendation, the Court sentenced Petitioner to a term of forty eight months: six months in custody as to Count One, as well as twenty four months as to Count Two, and twenty four months as to Count Three, Count One to run concurrently with the consecutive terms imposed in Count Two and Three. (Doc. No. 15.) Additionally, the Court sentenced Petitioner to one year supervised release. (*Id.*) Petitioner does not claim that he made any objections at the time of sentencing.

On February 17, 2010, Petitioner filed a motion to reduce his sentence under 28 U.S.C. § 2255. (Doc. No. 16.) On March 10, 2010, the Court set a briefing schedule, giving the Government until April 23, 2010, to respond and Petitioner until June 7, 2010, to file his traverse. (Doc. No. 19.) On April 22, 2010, the Government filed their opposition. (Doc. No. 21.) To date, Petitioner has not filed a traverse.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal sentencing court is authorized to discharge or re-sentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. This statute is intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hernandez v. Campbell, 204 F.3d 861, 864 n.4 (9th Cir. 1999).

The remedy available under § 2255 is as broad and comprehensive as that provided by a writ of habeas corpus. See Addonizio, 442 U.S. at 184-85. But this does not encompass all claimed errors in conviction and sentencing. Id. at 187. A mere error of law does not provide a basis for collateral attack unless the claimed error "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting United States v. Timmreck, 441 U.S. 780, 783-84 (1979)).

## III. DISCUSSION

Petitioner argues that his sentence violates the Equal Protection clause, because he, unlike a United States citizen, cannot take advantage of a drug program. (Doc. No. 16.) Respondent contends that, whatever Petitioner may argue, he has already waived his right to collaterally attack his conviction and sentence. (Doc. No. 21 at 5-7.) In the alternative, Respondent argues that Petitioner's motion is untimely. (*Id.* at 7-8. ) The Court agrees with Respondent that Petitioner has waived his right to request the desired relief.

Knowing and voluntary waivers of appellate rights in criminal cases are regularly enforced. United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000). If a waiver

1  of appellate rights was knowing and voluntary, inquiry into the waiver's validity is at an
2  end. Nguyen, 235 F.3d at 1182.  Like the right to bring a direct appeal, the right to bring
3  a collateral attack is statutory.  United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.
4  1993).  And, as with the right to appeal, the knowing and voluntary waiver of the
5  statutory right to collaterally attack a conviction is enforceable.  Id.

6  Here, Petitioner waived both his right to appeal and right to collaterally attack
7  his sentence. (*Plea Agreement* 4.)  Because the Court accepted the Plea Agreement's
8  joint sentencing recommendation, this condition holds. Nowhere does Petitioner argue
9  that his waiver was either not knowing or involuntary; to the contrary, Petitioner
10 initialed each page of the Plea Agreement and signed his full name on the last page.
11 (Doc. No. 10.)   Having reviewed the sentencing transcript, the Court has also
12 confirmed that Petitioner did not make any objections at the time of sentencing. (See
13 Doc. No. 21 at Exh C.)

14 Even if Petitioner did not waive his right to appeal and right to collateral attack,
15 Petitioner's motion was untimely.  Pursuant to 28 U.S.C. § 2255 a one year period of
16 limitation shall run from the date on which the judgement of conviction becomes final.
17 This Court entered judgment in Petitioner's Criminal Case on December 15, 2008.
18 (Doc. No. 15.)  Petitioner did not file his motion under 28 U.S.C. § 2255 until February
19 17, 2010, more than 14 months after judgment was entered. (Doc. No. 16.)

20 Accordingly, the Court **DENIES** Petitioner's request for relief.

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion to vacate or reduce his sentence under 28 U.S.C. § 2255. (Doc. No. 16.)

**IT IS SO ORDERED.**

DATED: July 2, 2010

Hon. Thomas J. Whelan
United States District Judge